# ATTACHMENT 1

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
6/12/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

KAPPA ALPHA ORDER,                )
                                  )
          Plaintiff,              )
                                  )
v.                                )
                                  )      CIVIL ACTION NO. 6:20CV00038
DOES 1-10,                        )
                                  )
          Defendants.             )

## VERIFIED COMPLAINT

Plaintiff, Kappa Alpha Order, for its Verified Complaint, states as follows:

### NATURE OF THE CAUSE

This is an action for trademark infringement and unfair competition brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), arising from Defendants' unauthorized use of Plaintiff's well-known trademarks. As detailed herein, Plaintiff is entitled to injunctive relief and an award of damages due to Defendants' acts and omissions.

### THE PARTIES

1.      Plaintiff Kappa Alpha Order ("KA") is a Virginia not for profit corporation. KA's national office is located in Lexington, Virginia. Currently, KA has 123 chapters and 141,583 initiated members. Through its employees/agents, KA transacted business in the Commonwealth of Virginia during all times relevant to this Complaint.

2.      One or more Does are infringing Plaintiff's trademark online. In particular, one or more Does established a group known as the "Fraternity Backward Coalition" to publish unauthorized, false and misleading content about Plaintiff on the Internet. The

identities of the various Doe Defendants are not presently known and the Complaint herein will be amended, if appropriate, to include their names when such information becomes available.

**JURISDICTION AND VENUE**

3. This Court has original subject matter jurisdiction over the claims in this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a) and § 1391(b), because, although the true identify of each Doe Defendant is unknown to Plaintiff at this time, on information and belief, one or more Doe Defendants reside in this District or may be found in this District, a substantial part of the acts of infringement complained of herein occurred in this District, and/or a substantial part of the property that is the subject of the action is situated in this District.

5. On further information and belief, personal jurisdiction in this District is proper because one or more Doe Defendants, without consent or permission of Plaintiff, within this District, committed infringement of Plaintiff's registered trademarks. In the alternative, this Court has jurisdiction over non-resident Doe Defendants, if any, under the Virginia long arm statute, Va. Code § 8.01-328.1, because they committed a tortious act in this District, within the meaning of the statute.

**FACTUAL BACKGROUND**

**Plaintiff KA Is a National Social Fraternity with Registered Trademarks**

6. KA is a national social fraternity.

7.     KA is well known nationwide for its distinguished history, alumni base and dedication to community service.

8.     KA has earned and maintains goodwill and a positive reputation in the community.

9.     KA's goodwill and reputation are based in part on its ability to attract and retain dedicated members of the brotherhood.

10.     KA is the owner of, *inter alia*, the following federal trademark registrations. The term "KA" ("KA Mark") is synonymous with "Kappa Alpha" and "Kappa Alpha Order." Copies of the registration certificates from the U.S. Patent and Trademark Office's database are attached hereto as Exhibits 1 through 3.

| MARK | REG. NO. | REG DATE | GOODS | FIRST USE DATE |
|---|---|---|---|---|
| KAPPA ALPHA | 2387271 | September 19, 2000 | Class 200: Indicate membership in applicant organization which is a fraternity | 1895 |
| KAPPA ALPHA ORDER | 3649515 | July 7, 2009 | Class 25: Hats; Jackets; Shirts; Shorts; Sweat shirts; Sweat pants | 1921 |
| KA | 4185789 | August 7, 2012 | Class 25: Hats; Jackets; Shirts; Shorts; Sweat pants; Sweat shirts; Ties | 1950 |

These registered trademarks are strong, valid, inherently distinctive and protectable trademark and service mark as used in connection with Greek letter organizations.

3

11.     Plaintiff has used the KA Mark since its founding in 1865. KA is authorized to take all necessary and timely action, including legal action, safeguard protect and preserve the property of KA, including the use of trademarks, to protect against improper, illegal or unlawful use or abuse thereof.

12.     The KA Mark serves the singular purpose of identifying and distinguishing brothers of the Kappa Alpha Order. Members are entitled to use the KA Mark only in forms that are likely to emphasize the status, significance and distinguished history of this collective membership mark in the eyes of the public, and to distinguish the KA Mark from other marks or symbols. For example, the KA Mark appears on chapter houses, clothing, printed materials, educational foundation initiatives, several social media channels such as Facebook, Instagram and Twitter, and numerous other facets of the Greek letter community.

13.     Since 1865, KA has expended significant monetary and human resources in marketing its undergraduate membership and alumni programs using the KA Mark throughout the nation. The lifeblood of any social fraternity is the infusion of enthusiastic recruits, the continued dedication of undergraduate brethren and the long-term loyalty of alumni.

14.     The KA Mark has acquired commercial strength and distinctiveness by virtue of Plaintiff's continuous and substantially exclusive use and promotion of such names and marks in the national social fraternity realm. Due to Plaintiff's longstanding promotional, advertising, publicity, and public relations activities, the KA Mark has acquired substantial goodwill and are extremely valuable commercial assets. The KA Mark is inherently distinctive, serving to identify Plaintiff's organization and core

4

17.     The Fraternity Backward Coalition is modeled after, but espouses opinions contrary to, a Twitter page operated by another group, the Fraternity Forward Coalition. *See* Fraternity Forward Coalition, *available at* https://twitter.com/FraternityForw2 (last visited June 10, 2020). The Fraternity Forward Coalition is "a national coalition of men's college fraternal organizations which promotes the shared positive values of Greek life, encourages safe and healthy behaviors among its undergraduate members and advocates aggressively and passionately for student and fraternal organization rights." *See* Fraternity Forward Coalition, *available at* https://fraternityforward.org/ (last visited June 10, 2020). In particular, the Fraternity Forward Coalition seeks to improve ties between campus fraternities, encourage health and safety among its members, and strengthen relationships with campus communities.

18.     In contrast, the Fraternity Backward Coalition fosters hostility between Greek letter organizations, scoffs at the health and safety of fraternities, and seeks to separate fraternities from their host campuses. *See* https://twitter.com/FraternityBack1/status/1263102872935436288 (last visited on June 10, 2020).

19.     KA is a charter member of the Fraternity Forward Coalition. See Fraternity Forward Coalition Launches, *available at* https://fraternityforward.org/materials-and-news (last visited June 10, 2020). KA is not a member of the Fraternity Backward Coalition, and does not endorse its mission.

20.     On or about May 19, 2020, Plaintiff discovered the FraternityBack1 Twitter feed, along with the unauthorized use of the KA Mark.

21.     On May 20, 2020, Plaintiff contacted Twitter to request the removal of the KA Mark from the FraternityBack1 page.

6

22.     On May 27, 2020, Twitter refused to remove the KA Mark from the FraternityBack1 page.

23.     Individuals may only use and distribute materials containing the KA Mark with KA's permission. KA did not authorize Defendants to use or display KA's registered trademark – including the letters "KA" in the profile photograph – on the FraternityBack1 Twitter page or any other marketing materials.

24.     Defendant Does' unauthorized use of the KA Mark on the FraternityBack1 Twitter feed has immediate and long-term negative consequences for Plaintiff's enterprise.

25.     KA has valid and protectable marks, and public confusion will result from Defendants' wrongful use of the KA Mark.

26.     A     visitor     to     the     FraternityBack1     Twitter     page (https://twitter.com/FraternityBack1) sees the reference to the trademarked "KA" at the top of the feed:





A member of the public visiting the FraternityBack1 Twitter page might believe that, contrary to fact, KA has authorized, is affiliated with or supports the mission of the so-called Fraternity Backward Coalition.

27. Defendants' use of KA's trademark is unauthorized. By virtue of its substantial investment of time and resources in the continued development and promotion in interstate commerce of the KA trademark, KA is entitled to protection against infringement. This conduct is causing, and will continue to cause, unless enjoined, immediate and irreparable harm and damage to KA.

28. The FraternityBack 1 Twitter page creates the false impression that the Fraternity Backward Coalition is affiliated with, connected with, and/or associated with KA, which it is not.

29. Defendants are aware of the valuable goodwill and reputation represented and symbolized by the KA Mark. Defendants are also aware that KA's alumni, undergraduate and potential members rely upon the KA Mark as distinguishing KA's membership, traditions, products and services from other entities.

30. Defendants' use of the KA Mark is without the permission, consent, or authority of Plaintiff.

31. Defendants' unauthorized use of the KA Mark is likely to cause confusion or mistake or to deceive consumers into believing that unauthorized representations by Defendants using the KA Mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Plaintiff.

32.     Defendants' continued use of the KA Mark is with full knowledge of the ownership by Plaintiff of the KA Mark and KA's exclusive rights to use and control the use of such marks.

33.     Defendants have acted and continues to act without regard to Plaintiff's property rights and goodwill, and seek to unlawfully benefit from the substantial value of the KA Mark.

34.     As a result of Defendants' unauthorized use of the KA Mark, Defendants are being unjustly enriched at Plaintiff's expense, and KA is being damaged.

35.     Defendants' unauthorized use of the KA Mark in association with its FraternityBack1 Twitter feed has significantly injured Plaintiff's interests.  In particular, Defendants, through the FraternityBack1 Twitter feed and by and through the acts of their agents: (a) have traded upon and threatens to further trade upon the significant and valuable goodwill in the KA Mark; (b) are likely to cause confusion as to the source, sponsorship, or affiliation of the Fraternity Backward Coalition's mission and services; (c) have damaged and threaten to further damage Plaintiff's significant and valuable goodwill in the KA Mark; (d) have injured and threaten to further injure Plaintiff's right to use the KA Mark throughout the United States; and (e) have lessened the distinctive quality of the KA Mark.

36.     Unless Defendants' infringing acts are restrained by this Court, they will cause irreparable injury to Plaintiff and to the public, for which there is no adequate remedy at law.

37.     Defendants' acts of infringement and unfair competition complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and

conscious disregard of Plaintiff's rights. Defendants know they are not affiliated with KA and have no authority to promote the Fraternity Backward Coalition as affiliated with or authorized by Plaintiff.

38.     In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) and justifies the award to Plaintiff of its attorney's fees incurred in the prosecution of this action.

**COUNT I**
**Trademark Infringement**
**Pursuant to 15 U.S.C. § 1114**

39.     Plaintiff repeats the allegations of paragraphs 1-38 of this Complaint as if fully set forth herein.

40.     The acts of Defendants complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1).

41.     The acts of Defendants complained of herein have caused, are causing and, unless enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

42.     The acts of Defendants complained of herein have damaged, are damaging and will continue to damage Plaintiff in any amount not yet determined. By reason of Defendants' bad faith and willful infringement, Plaintiff is entitled to recover actual damages, treble damages, an accounting for Defendants' profits (if any), attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
### Unfair Competition
### Pursuant to 15 U.S.C. § 1125(a)

43.     Plaintiff repeats the allegations of paragraphs 1-42 of this Complaint as if fully set forth herein.

44.     The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Defendants' acts alleged herein regarding the use of the KA Mark in connection with the FraternityBack1 Twitter feed is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval by Plaintiff of Defendants' purported mission for the Fraternity Backward Coalition.

46.     Defendants' use of the KA Mark on the FraternityBack1 Twitter feed constitutes a misrepresentation in commerce in that KA is not a member of, nor does it endorse or authorize the mission of, the Fraternity Backward Coalition.

47.     The acts of Defendants complained of herein have caused, are causing and, unless enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

48.     The acts of Defendants complained of herein have damaged, are damaging and will continue to damage Plaintiff in any amount not yet determined.  By reason of Defendants' bad faith and willful infringement, Plaintiff is entitled to recover actual damages, treble damages, an accounting for Defendants' profits (if any), attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
### Preliminary and Permanent Injunctive Relief

49.     Plaintiff repeats the allegations of paragraphs 1-48 of this Complaint as if fully set forth herein.

50.     Plaintiff has sustained and/or will sustain irreparable harm as a result of Defendants' conduct described above.  There is no adequate remedy at law for the unauthorized use of the KA Mark.  Further, damages are an inadequate remedy because it would be difficult, if not impossible, to ascertain the exact degree to which such unauthorized use of the KA Mark would discourage potential future members from joining KA and paying an initiation fee, or dissuade current members and alumni from continuing their financial support of Plaintiff.

51.     As shown from the facts contained herein, unless Defendants are temporarily, preliminarily and permanently restrained from their infringement of the KA Mark, Plaintiff will suffer immediate and irreparable injury.

WHEREFORE, Plaintiff Kappa Alpha Order prays that the Court grant it the following relief:

A.     Judgment in Plaintiff's favor on all counts of the Verified Complaint;

B.     Temporary, preliminary and permanent injunctions enjoining Defendants and all persons in active concert with them who shall receive notice of said injunctions, from directly or indirectly, using or publishing the KA Mark, including but not limited to removing immediately the images depicted on the FraternityBack1 Twitter page;

C.     An Order directing the Defendants to file with the Court and serve on the Plaintiff within thirty (30) days after the service on the Defendants of such injunction, or such extended period as the court may direct, a report in writing under oath setting forth in

12

detail the manner and form in which the Defendants have complied with the injunction(s) pursuant to 15 U.S.C. § 1116(a);

D.     The damages sustained by KA as a result of Defendants' wrongful acts, in an amount to be determined, with such damages to be trebled;

E.     An accounting be directed to determine Defendants' profits, if any, whether directly received or received through affiliated agents or brokers using the KA Mark, that resulted from Defendants' activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

F.     This case be designated as an "exceptional case" warranting the award of reasonable attorneys' fees to Plaintiff;

G.     Plaintiff to recover its costs of this action and prejudgment and postjudgment interest; and

H.     Plaintiff to recover such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues triable as of right by a jury.

Respectfully submitted this 12th day of June, 2020.

KAPPA ALPHA ORDER


By: /s/ Matthew B. Kirsner
Matthew B. Kirsner, VSB No. 41615
Cody Murphey, VSB No. 89437
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
919 East Main Street
Suite 1300
Richmond, VA 23218-1122
Telephone:  804-788-7740
Fax:  804-698-2950
Email:  mkirsner@eckertseamans.com

Richard Peirce
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
Two Liberty Place, 22nd Floor
50 South 16th Street
Philadelphia, PA 19102
Telephone:  215-851-8398
Fax:  215-851-8383
Email:  rpeirce@eckertseamans.com


Attorneys for Kappa Alpha Order

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| KAPPA ALPHA ORDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. _____ |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFICATION

COMMONWEALTH OF VIRGINIA )
)
COUNTY OF ROCKBRIDGE )

Personally appeared before the undersigned officer duly authorized to administer

oaths to Larry S. Wiese who, after first being duly sworn, deposes and says that he is

employed by Kappa Alpha Order as its Executive Director, and that the facts set forth in

the foregoing Verified Complaint are true and correct to the best of his knowledge and

belief.

This 12th day of June, 2020.

_____
LARRY S. WIESE

Sworn to and subscribed before me
this 12 day of June , 2020.

Anita E. Snyder
Notary Public

My Commission Expires: July 31, 2020
My I.D. No. 286575

**Prior U.S. Cl.: 200**

**Reg. No. 2,387,271**

## United States Patent and Trademark Office

**Registered Sep. 19, 2000**

### COLLECTIVE MEMBERSHIP
### PRINCIPAL REGISTER

## KAPPA ALPHA

KAPPA ALPHA ORDER (VIRGINIA NONPROFIT CORPORATION)
P.O. BOX 1865
LEXINGTON, VA 24450

FOR: INDICATE MEMBERSHIP IN APPLICANT ORGANIZATION WHICH IS A FRATERNITY, IN CLASS 200 (U.S. CL. 200).

FIRST USE 0–0–1865; IN COMMERCE 0–0–1895.

SER. NO. 75–664,955, FILED 3–22–1999.

MICHAEL ENGEL, EXAMINING ATTORNEY

EXHIBIT 1

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,649,515
Registered July 7, 2009

**TRADEMARK**
**PRINCIPAL REGISTER**

# KAPPA ALPHA ORDER

KAPPA ALPHA ORDER (VIRGINIA CORPORA-
TION)
P.O. BOX 1865
LEXINGTON, VA 244500306

FOR: HATS; JACKETS; SHIRTS; SHORTS; SWEAT
SHIRTS; SWEAT PANTS, IN CLASS 25 (U.S. CLS. 22
AND 39).

FIRST USE 0-0-1921; IN COMMERCE 0-0-1921.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,387,271.

SER. NO. 77-453,708, FILED 4-21-2008.

STEPHANIE ALI, EXAMINING ATTORNEY

**EXHIBIT 2**

# United States of America
## United States Patent and Trademark Office

# KA

| | |
|---|---|
| **Reg. No. 4,185,789** | KAPPA ALPHA ORDER (VIRGINIA CORPORATION) 115 LIBERTY HALL ROAD |
| **Registered Aug. 7, 2012** | LEXINGTON, VA 24450 |
| **Int. Cl.: 25** | FOR: HATS, JACKETS; SHIRTS, SHORTS; SWEAT PANTS; SWEAT SHIRTS; TIES, IN CLASS 25 (U.S. CLS. 22 AND 39). |
| **TRADEMARK** | FIRST USE 0-0-1950; IN COMMERCE 0-0-1950. |
| **PRINCIPAL REGISTER** | THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR. |

OWNER OF U.S. REG. NOS. 3,733,767, 3,909,739 AND OTHERS.

SER. NO. 85-490,909, FILED 12-8-2011.

SANI KHOURI, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

**EXHIBIT 3**

---

### REQUIREMENTS TO MAINTAIN YOUR FEDERAL
### TRADEMARK REGISTRATION

### WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
### DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

---

**Requirements in the First Ten Years\***
**What and When to File:**

*First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

*Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

Page: 2 / RN # 4,185,789

# ATTACHMENT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| KAPPA ALPHA ORDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 6:20-cv-00038-NKM |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO ISSUE THIRD-PARTY SUBPOENAS
## PRIOR TO A RULE 26(f) CONFERENCE

In accordance with Fed. R. Civ. P. 26(f), and pursuant to the arguments set forth in the attached Memorandum of Law in Support, Plaintiff Kappa Alpha Order ("KA") respectfully moves for entry of an Order granting KA leave to serve third party subpoenas prior to a Rule 26(f) conference.  Specifically, Plaintiff seeks to issue subpoenas pursuant to Fed. R. of Civ. P. 45 to obtain information sufficient to identify each Doe Defendant, including names, current (and permanent) addresses, telephone numbers, IP addresses and/or email addresses.

A Proposed Order is attached as Exhibit A for the Court's convenience.

**EXHIBIT 3**

**KAPPA ALPHA ORDER**

By: ___/s/ Matthew B. Kirsner_____
Matthew B. Kirsner, VSB #41615
Cody T. Murphey, VSB #89437
ECKERT SEAMANS CHERIN & MELLOTT, LLC
919 East Main Street
Suite 1300
Richmond, VA 23218-1122
Telephone: 804-788-7740
Fax: 804-698-2950
Email: mkirsner@eckertseamans.com

Richard Peirce
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place, 22nd Floor
50 South 16th Street
Philadelphia, PA 19102
Telephone: 215-851-8398
Fax: 215-851-8383
Email: rpeirce@eckertseamans.com

Attorneys for Kappa Alpha Order

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

_____/s/ Matthew B. Kirsner_____
Matthew B. Kirsner

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |  |
|---|---|---|
| KAPPA ALPHA ORDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 6:20-cv-00038-NKM |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER

The Court, after reviewing the Complaint with Exhibits, Plaintiff's Motion to Issue Third-Party Subpoenas Prior to a Rule 26(f) Conference, and all relevant case law, hereby

ORDERS that Plaintiff's Motion to Issue Third-Party Subpoenas Prior to a Rule 26(f) Conference is GRANTED; it is further

ORDERED that Plaintiff may immediately serve Rule 45 subpoenas on social media providers, including Twitter, as well as Doe Defendant Internet Service Providers ("ISPs") limited to information sufficient to identify each Defendant, including names, current (and permanent) addresses, telephone numbers, IP addresses and/or email addresses; it is further

ORDERED any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint; it is further

ORDERED that Plaintiff shall serve a copy of this Order along with any subpoena issued pursuant to this Order; it is further

ORDERED that if any entity subpoenaed pursuant to this Order wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which shall be 30 days from the date of service; it is further

ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

DATED:     /     /                      _____

                                                 United States District Court Judge

# ATTACHMENT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| KAPPA ALPHA ORDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 6:20-cv-00038-NKM |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO
ISSUE THIRD PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Kappa Alpha Order ("KA") hereby respectfully submits this Memorandum in Support of its Motion for Leave to Issue Third Party Subpoenas Prior to the Rule 26(f) Conference.

**I. INTRODUCTION**

Plaintiff is a national social fraternity, and the owner of numerous federal trademark registrations (collectively, the "KA Marks"). The letters "KA" are synonymous with "Kappa Alpha" and "Kappa Alpha Order." Individuals may only use and distribute materials containing the KA Mark with KA's permission.

Doe Defendants, without the knowledge or authorization of Plaintiff, created and maintain a Twitter social media page available at https://twitter.com/FraternityBack1 ("FraternityBack1") and depicted below.

1



**Fraternity Backward Coalition**
@FraternityBack1

We are in no way, shape, or form associated with the Fraternity Forward Coalition....obviously.

◎ Lexington, VA 🗓 Joined May 2020

**170** Following   **24** Followers

| Tweets | Tweets & replies | Media | Likes |

As the above demonstrates, a member of the public visiting the FraternityBack1 Twitter page will see the "KA" at the top of the feed and might believe that KA has authorized, is affiliated with or supports the mission of the so-called Fraternity Backward Coalition, when the opposite is true. The Fraternity Backward Coalition is modeled after, but espouses opinions contrary to, a Twitter page operated by another group, the Fraternity Forward Coalition. *See* Fraternity Forward Coalition, *available at* https://twitter.com/FraternityForw2 (last visited June 10, 2020).

The Fraternity Forward Coalition is "a national coalition of men's college fraternal organizations which promotes the shared positive values of Greek life, encourages safe and healthy behaviors among its undergraduate members and advocates aggressively and passionately for student and fraternal organization rights." *See* Fraternity Forward Coalition, *available at* https://fraternityforward.org/ (last visited June 10, 2020). In particular, the Fraternity Forward Coalition seeks to improve ties between campus fraternities, encourage health and safety among its members, and strengthen relationships with campus communities. KA is a charter member of

2

the Fraternity Forward Coalition. See Fraternity Forward Coalition Launches, *available at* https://fraternityforward.org/materials-and-news (last visited June 10, 2020).

In contrast, the Fraternity Backward Coalition fosters hostility between Greek letter organizations, scoffs at the health and safety of fraternities, and seeks to separate fraternities from their host campuses. *See* https://twitter.com/FraternityBack1/status/1263102872935436288 (last visited on June 10, 2020).

On or about May 19, 2020, Plaintiff discovered the FraternityBack1 Twitter feed, along with the unauthorized use of the KA Marks. On May 20, 2020, Plaintiff contacted Twitter to request the removal of the KA Marks from the FraternityBack1 page. On May 27, 2020, Twitter refused to remove the KA marks from the FraternityBack1 page.

Plaintiff seeks leave of Court to issue Rule 45 subpoenas to social media providers such as Twitter, as well as Defendants' Internet Service Providers ("ISPs"). These subpoenas will demand information sufficient to identify each Doe Defendant, including names, current (and permanent) addresses, telephone numbers, IP addresses and/or email addresses. Without this information, Plaintiff cannot serve the Defendants nor pursue its claims, and will cause irreparable harm, for which there is no adequate remedy at law.

## II.    ARGUMENT

Rule 26(d) of the Federal Rules of Civil Procedure provides that a party may not seek discovery from any source before the party has conferred as required by Rule 26(f), unless such discovery is authorized by a court order. Fed. R. Civ. Proc. 26(d)(1). "A district court has 'wide latitude in controlling discover and . . . its rulings will not be overturned absent a showing of clear abuse of discretion.'" *Cell Film Holdings, LLC v. Does*, No. 3:16-cv-749, 2016 U.S. Dist. LEXIS 180445, at *13 (E.D. Va. Dec. 29, 2016) (quoting *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003)).

3

In Virginia, courts have applied a "good cause" standard in evaluating motions for expedited discovery in the context of intellectual property infringement cases. *See Hard Drive Prods., Inc. v. Does 1-30*, No. 2:11-cv-345, 2011 U.S. Dist. LEXIS 73159, at *3-4 (E.D. Va. July 1, 2011) (granting motion for leave to take discovery before a Rule 26(f) conference after finding plaintiff made showing of irreparable harm and need to proceed ex parte, when plaintiff could not determine unknown defendants' identities except through third-party subpoenas to defendants' ISPs); *see also Atkisson v. Holder*, 113 F. Supp. 3d 156 (D.D.C. July 3, 2015) (finding that the good cause is appropriate when evaluating a plaintiff's motion to issue subpoenas prior to a Rule 26(f) conference to obtain the identities of the defendants). Good cause exists to issue a Rule 45 subpoena for purposes of discovering the identities of Doe Defendants, prior to a Rule 26(f) conference, where: (1) plaintiff makes a *prima facie* case for infringement; (2) plaintiff seeks limited and specific discovery; (3) no alternative means exist to obtain Defendants' true identities; (4) the information is needed to advance the asserted claims; and (5) defendants have a minimal expectation of privacy. *See Sony BMG Music Entm't v. Doe*, No. 5:08-CV-109-H, 2008 U.S. Dist. LEXIS 106088, at *22 (E.D.N.C. Oct. 8, 2008) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)) (applying the five-factor test to determine that subpoenas requesting Doe defendant's identity should be enforced); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 U.S. Dist. LEXIS 100564, at *22–23 (E.D.N.C. Sept. 26, 2008) (finding that enforcement of a third-party subpoena seeking identifying information of a Doe defendant was proper where the plaintiff satisfied each of the five factors).

### a. Good Cause Exists to Grant the Plaintiff's Motion.

#### 1. Plaintiff Makes a *Prima Facie* Case for Trademark Infringement.

To prevail on claims of trademark infringement and unfair competition, a plaintiff "must prove (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred 'in commerce'; (4) that the defendant used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers." *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001) (quoting 15 U.S.C. §§ 114, 1125(a)) (holding that the plaintiff established a claim for trademark infringement and unfair competition by satisfying the five elements).

Plaintiff's Complaint filed herein establishes a *prima facie* case for trademark infringement and unfair competition. Plaintiff possess a valid and protectable trademark that is registered with the United States Patent and Trademark Office. *See* Compl. ¶¶ 10-14; Exhibits 1–3. Moreover, Plaintiff established the remaining elements of trademark infringement and unfair competition by pleading that Defendant Does, by intentionally publishing Plaintiff's mark without its permission on the FraternityBack1 Twitter page, used the mark in commerce and in a manner likely to confuse consumers. Compl. ¶¶ 15–37. Therefore, Plaintiff has established a *prima facie* case of trademark infringement.

#### 2. Plaintiff Seeks Limited and Specific Discovery.

Plaintiff seeks to discover from social media providers such as Twitter, as well as Defendants' ISPs, information sufficient to identify each Doe Defendant, including names, current (and permanent) addresses, telephone numbers, IP addresses and/or email addresses. This specific information in possession of Twitter and Doe Defendants' ISPs will enable Plaintiff to serve

process on the Doe Defendants in their own names. Because the information sought in the subpoena is limited and specific, Plaintiff has satisfied the second good cause factor. *Malibu Media, LLC v. Doe*, No. WDQ-14-0252, 2014 U.S. Dist. LEXIS 85920, at *4 (D. Md. June 23, 2014) (denying Doe defendant's motion to quash the subpoena issued to defendant's ISP seeking the identity of Doe defendant because "[t]he identity of the Defendant cannot be obtained from a more convenient source [and] [b]ecause the subpoena is tailored to a particular purpose, and the information it seeks is relevant to Malibu Media's copyright infringement claim.").

### 3. No Alternative Means Exist to Obtain Defendants' True Identities.

Other than receiving the information from social media providers such as Twitter and Defendants' ISPs via subpoena, there is no way to obtain Defendants' true identities. Twitter's policies do not require a user to publicize his or her true identity. *See Privacy Policy*, Twitter https://twitter.com/en/privacy#:~:text=Twitter%20Privacy%20Policy&text=Twitter%20is%20pu blic%20and%20Tweets,not%20to%20use%20your%20name (last visited June 10, 2020). Taking advantage of this anonymity, Defendant Does intentionally infringed upon Plaintiff's property right in its trademark. Without obtaining the identities of the Doe Defendants from Twitter, Plaintiff has no alternative means to identify the Defendants. *See Butera & Andrews v. IBM Corp.*, 456 F. Supp. 2d 104, 114 (D.D.C. 2006) ("Plaintiffs lacking necessary information about unidentified defendants must seek such information through third-party subpoenas or other third-party discovery, rather than by naming the organizations who possess the desired documents as defendants themselves in an apparent attempt to compel disclosure."). Therefore, Plaintiff satisfied the third element because it has no alternative means to identify the Defendant Does.

### 4. **Discovery is Needed to Advance the Asserted Claims.**

Without learning the Defendants' true identities, Plaintiff cannot serve the Defendants with process and proceed with this case. *See Arista Records LLC v. Doe*, 246 F.R.D. 28, 28–29 (D.D.C. Oct. 11, 2007) (The Court granted the plaintiff's motion to issue a subpoena prior to a Rule 26(f) conference because it was "clear to the Court that Defendants must be identified before this suit can progress further."). In order for Plaintiff to protect its intellectual property rights from infringement, the identities of the individuals in control of the FraternityBack1 Twitter account must be discovered. *See Hard Drive Prods., Inc.*, 2011 U.S. Dist. LEXIS 73159, at *3–4 (granting motion to issue subpoena to Doe Defendants' ISPs to seek information "sufficient to identify each Defendant, including name, current (and permanent) address, telephone number, email address, and Media Access Control address"). As a result, Plaintiff has satisfied the fourth element of issuing a subpoena prior to a Rule 26(f) conference.

### 5. **Plaintiff's Interest in Confirming Defendants' Real Identities Outweighs Defendants' Interests in Remaining Anonymous in Order to Continue Their Trademark Infringement.**

Plaintiff has a strong, legitimate interest in protecting its trademarks. In order to protect its rights, Plaintiff must first learn the true identities of the Defendants. Defendants created the Twitter username FraternityBack1, without publicizing their true identities. Because the true identities of the Defendants are masked behind the anonymous username, FraternityBack1, Plaintiff cannot move forward with the case and adequately protect its property rights. Moreover, the First Amendment rights of the Doe Defendants do not overshadow, or preempt, Plaintiff's intellectual property rights. *See Arista Records LLC v. Doe*, 551 F. Supp. 2d 1, 8–9 (D.D.C. Apr. 28, 2008) ("Not surprisingly, courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of

7

copyrights.") (citations omitted). Therefore, Plaintiff's interest in obtaining Defendant Does' identities outweighs their interest in remaining anonymous, thus satisfying the fifth element.

## III.   CONCLUSION

In light of the foregoing, Kappa Alpha Order respectfully requests that this Court issue an Order granting Plaintiff's Motion for Leave to Issue Third-Party Subpoenas Prior to Rule 26(f) Conference.

KAPPA ALPHA ORDER

By:    /s/ Matthew B. Kirsner
Matthew B. Kirsner, VSB #41615
Cody T. Murphey, VSB #89437
ECKERT SEAMANS CHERIN & MELLOTT,
LLC
919 East Main Street
Suite 1300
Richmond, VA 23218-1122
Telephone:  804-788-7740
Fax:  804-698-2950
Email:  mkirsner@eckertseamans.com

Richard Peirce
ECKERT SEAMANS CHERIN & MELLOTT,
LLC
Two Liberty Place, 22nd Floor
50 South 16th Street
Philadelphia, PA 19102
Telephone:  215-851-8398
Fax:  215-851-8383
Email:  rpeirce@eckertseamans.com

Attorneys for Kappa Alpha Order

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ Matthew B. Kirsner
Matthew B. Kirsner

# ATTACHMENT 4

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/24/2020

JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

KAPPA ALPHA ORDER,                )
                                  )
        Plaintiff,                )
                                  )          Civil Action No. 6:20-cv-00038
v.                                )
                                  )          By:  Elizabeth K. Dillon
DOES 1-10,                        )               United States District Judge
                                  )
        Defendants.               )

**ORDER**

In accordance with Rule 26(d)(1), Plaintiff Kappa Alpha Order moves for leave to serve

Rule 45 subpoenas before holding a Rule 26(f) conference. (Dkt. No. 4.)  Upon consideration of

the complaint with exhibits, the motion and supporting memorandum, and for good cause shown,

the court hereby GRANTS the motion and ORDERS as follows:

1.      Plaintiff may immediately serve Rule 45 subpoenas on social media providers,

including Twitter, as well as Doe Defendant Internet Service Providers ("ISPs"), limited to

information sufficient to identify each Defendant, including names, current (and permanent)

addresses, telephone numbers, IP addresses and/or email addresses;

2.      Any information disclosed to Plaintiff in response to these Rule 45 subpoenas

may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in

its Complaint;

3.      Plaintiff shall serve a copy of this Order along with any subpoena issued pursuant

to this Order;

4.    If, and when, any social media provider or Internet Service Provider is served with a subpoena pursuant to this Order, it must give written notice, which may be by e-mail, to the Defendant, whose name and address is being sought, within five business days;

5.    If any entity subpoenaed pursuant to this Order or any Defendant wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which may not be less than 30 days from the date of service;

6.    The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

7.    Plaintiff must file a status report with the court on or before August 26, 2020, stating its progress as to the discovery allowed by this Order, including the expected completion date of that discovery.

The clerk is directed to send a copy of this Order to Plaintiff's counsel.

Entered: June 24, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

# ATTACHMENT 5



**ECKERT**

ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC
919 East Main Street, Suite 1300
Richmond, VA 23219

TEL   804 788 7740
FAX   804 698 2950
www.eckertseamans.com

Matthew B. Kirsner
804.788.7744 Direct
mkirsner@eckertseamans.com

July 1, 2020

**VIA HAND DELIVERY AND FASCIMILE**

Twitter, Inc.
c/o Legal Policy
1355 Market Street
Suite 900
San Francisco, CA 94103

      RE:    **Subpoena to Twitter, Inc. for the Production of Documents**
              ***Kappa Alpha Order v. Does 1 – 10***
              ***Civil Action No. 6:20-cv-00038-EKD***

Dear Sir/Madam:

        On behalf of Kappa Alpha Order, please find enclosed a Subpoena issued to Twitter, Inc. to Produce Documents, Information, or Objects ("Subpoena") regarding the above-referenced matter currently pending in the United States District Court for the Western District of Virginia.

        We are forwarding the Subpoena to a process server to be served on Twitter, Inc.'s registered agent. A copy of the Subpoena is also being sent via facsimile to Twitter, c/o Trust & Safety. Please contact me at (804) 788-7744 or mkirsner@eckertseamans.com should you have any questions.

                              Sincerely,

                              Matthew B. Kirsner

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Virginia  ▾

| | |
|---|---|
| Kappa Alpha Order | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. 6:20-cv-00038-EKD |
| Does 1 - 10 | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Twitter, Inc.
c/o CT Corporation System,
818 West Seventh Street, Suite 930, Los Angeles, CA 90017
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: Jan Brown & Associates | Date and Time: |
|---|---|
| 701 Battery Street, 3rd Floor | |
| San Francisco, CA 94111 | 08/01/2020 11:19 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/01/2020

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kappa Alpha Order
, who issues or requests this subpoena, are:
Matthew B. Kirsner, Esq.; 919 East Main St., Suite 1300, Richmond, VA 23219; mkirsner@eckertseamans.com;
(804) 788-7744

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:20-cv-00038-EKD

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)*

on *(date)*

      ◻ I served the subpoena by delivering a copy to the named person as follows:

                                            on *(date)*              ; or

      ◻ I returned the subpoena unexecuted because:

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $              for travel and $            for services, for a total of $        0.00

      I declare under penalty of perjury that this information is true.

Date:

                                              *Server's signature*

                                            *Printed name and title*

                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-- which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required  and also, after a motion is transferred, the issuing court  may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

1.     All information and documents concerning the identity of the subscribers registered to the following name "FraternityBack1" located at https://twitter.com/FraternityBack1 including, but not limited to, the following:

    a.   All information and documents identifying the subscribers' legal name or names;

    b.   All information and documents identifying the subscribers' telephone number or numbers;

    c.   All information and documents identifying the subscribers' current and permanent address or addresses;

    d.   All information and documents identifying the subscribers' e-mail address or addresses;

    e.   All information and documents identifying the subscribers' account or login name or names;

    f.   All information and documents that identify the subscribers' IP Address or IP Addresses;

    g.   All locational information and documents relating to the subscribers' use of the FraternityBack1 Twitter account; and

    h.   All payment information and documents relating to the subscribers' use of the FraternityBack1 Twitter account.

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*
  MATTHEW B. KIRSNER, ESQ.
  ECKERT SEAMANS CHERIN & MELLOTT, LLC
  919 E. MAIN STREET  STE 1300 RICHMOND, VA 23219

TELEPHONE NO  (804) 788-7765 | FAX NO.  | E-MAIL ADDRESS *(Optional):* cmurphey@eckertseamans com
ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**

STREET ADDRESS
MAILING ADDRESS
CITY AND ZIP CODE , VA
BRANCH NAME: WESTERN

PLAINTIFF·  KAPPA ALPHA ORDER

DEFENDANT:  DOES 1-10

| | |
|---|---|
| Hearing Date:  8/1/2020 | Room: |
| Hearing Time:  11:19 AM | Dept: |

CASE NUMBER·
**6:20-CV-00038-EKD**

**PROOF OF SERVICE**

Ref No. or File No.

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
**I SERVED COPIES** OF THE FOLLOWING DOCUMENTS:

**COVER LETTER; SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; ORDER**

PARTY SERVED:  **TWITTER, INC.**

PERSON SERVED:  **DAISY M. - AUTHORIZED TO ACCEPT - CT CORPORATION SYSTEM - AGENT FOR SERVICE**

DATE & TIME OF DELIVERY:  **7/2/2020**
  **10:52 AM**

ADDRESS, CITY, AND STATE:  **818 W 7th St Ste 930**
  **Los Angeles, CA 900173476**

PHYSICAL DESCRIPTION:  **Age: 26 - 30**   **Weight: 161-180**   **Hair: BLACK**
  **Sex: Female**   **Height: 5'7 - 6'0**   **Race: HISPANIC**

MANNER OF SERVICE:
  **Personal Service - By personally delivering copies.**

Fee for Service: $ 125.00
  Registration No.: 2012208220
  County:  LOS ANGELES
  JPL PROCESS SERVICE, LLC
  14482 BEACH BLVD. STE S
  WESTMINSTER, CA 92683
  (866) 754-0520

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  July 02, 2020.

Signature: _E. Wind_

ERIC WILKINS

**PROOF OF SERVICE**

Order# 154579/General

**EXHIBIT 1**

# ATTACHMENT 6



Twitter, Inc.
1355 Market Street · 900
San Francisco, CA 94103

July 27, 2020

*Sent via Email*

Matthew B. Kirsner, Esq.
Mkirsner@eckertseamans.com
919 East Main St.,
Suite 1300
Richmond, VA 23219

> **Your Subpoena to Twitter, Inc. in**
> *Kappa Alpha Order v. Does 1-10*
> **United states District Court for the Western District of Virginia**

Dear counsel,

Twitter is responding to your subpoena dated July 1, 2020, in the above-referenced matter.
Twitter objects to your request for the following reasons:

First, Twitter objects that you have provided no documentation demonstrating that the Court
considered and imposed the First Amendment safeguards required before a litigant may be
permitted to unmask the identity of an anonymous speaker. Before a service provider may be
compelled to unmask an anonymous speaker, (1) a reasonable attempt to notify the user of the
request and the lawsuit must be made, thereby providing the user an opportunity to assert his or
her First Amendment right to speak anonymously through an application for a protective order or
a motion to quash; and (2) the plaintiff must make a *prima facie* showing of the elements of the
asserted cause of action. *See Krinsky v. Doe*, 72 Cal. Rptr. 3d 231, 239, 244–46 (Cal. Ct. App.
2008); *Glassdoor, Inc. v. Super. Ct.*, 9 Cal. App. 5th 623 (2017) (affirming the *Krinsky*
requirements and the standard for protecting online speakers). Moreover, the party seeking
discovery must demonstrate a compelling need for the anonymous speaker's identity. *Williams v.
Superior Court*, 3 Cal. 5th 531, 557 (2017) (citing *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal.
4th 1, 34 (1994)) ("obvious invasions of interests fundamental to personal autonomy must be

supported by a compelling interest"); *see also Smythe v. Does 1-10*, No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying motion to enforce subpoena against Twitter where movant failed to overcome user's First Amendment right to anonymous speech).

Second, Twitter objects to your subpoena as overbroad and unduly burdensome because your requests are not "limited to information sufficient to identify each Doe Defendant," as required by the Court's Order authorizing early discovery. *See* Dkt. 7; *see also* Fed. R. Civ. P. 26(b); *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388-89 (E.D. Mich. 2012) (denying request for content of online account and emphasizing that a litigant "does not have a generalized right to rummage at will through information that [another party] has limited from public view").

Third, Twitter objects to your subpoena to the extent it seeks the content of any user communications because such a request is barred by the federal Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.* ("SCA"). The SCA does not permit private parties to compel production of the content of a user's electronic communications from service providers such as Twitter by service of a subpoena or court order, and there is no exception for civil discovery demands. 18 U.S.C. § 2702(a)(1), (2); 18 U.S.C. § 2702(b)(1)-(8); *see also Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011) (holding that non-governmental entities may not obtain communications content with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-47 (2006) (holding that the SCA bars civil litigants from obtaining communications content from a service provider).

Fourth, Twitter objects that your subpoena demands a production of documents more than 100 miles from its residence in San Francisco, California. *See* Fed. R. Civ. P. 45(c)(2).

Fifth, Twitter objects to the extent that your subpoena requests records which it does not retain in a producible format. *See, e.g.*, Request 1(h).

Finally, Twitter has sent notice of your subpoena to the associated account that was properly identified in your subpoena.

I trust this letter resolves this matter but should you have any questions, please feel free to contact us at litigation@twitter.com.  Twitter otherwise preserves and does not waive any other available objections or rights.

Kind Regards,

Twitter Legal

# ATTACHMENT 7



**ECKERT**

ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC   TEL:  804 788 7740
919 East Main Street, Suite 1300        FAX:  804 698 2950
Richmond, VA 23219

Matthew B. Kirsner, Esq.
804.788.7744 Direct
mkirsner@eckertseamans.com

<u>**VIA ELECTRONIC MAIL**</u>

August 21, 2020

Twitter Legal
Twitter, Inc.
1355 Market Street, Suite 900
San Francisco, California 94103

   RE: **Subpoena to Twitter, Inc. for the Production of Documents**
      *Kappa Alpha Order v. Does 1 – 10*
      **Civil Action No. 6:20-cv-0038-EKD**

Dear Sir/Madam:

I am writing on behalf of Kappa Alpha Order ("KA"), with regard to the objections of Twitter, Inc. ("Twitter") to the nonparty subpoena served in the underlying action.

The subpoena is seeking the name, address, telephone number, email address and/or IP address for the Twitter user(s) who registered the https://twitter.com/FraternityBack1 page.  KA will gladly narrow the scope of the subpoena – to the extent Twitter contends it is overbroad – to these specific items, and nothing more, in order to facilitate Twitter's prompt response.

As an initial matter, Twitter's objections are untimely and waived pursuant to Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.").  Twitter's letter objections are dated July 27, 2020. KA's subpoena was served on July 2, 2020, with a production date of August 1, 2020.  *See* Proof of Service, attached hereto as **Exhibit 1**.  "Failure to serve timely objections waives all grounds for objection."  *Proofpoint, Inc. v. Vade Secure, Inc.*, No. 19-cv-04238-MMC, 2020 U.S. Dist. LEXIS 137731, at \*2 (N.D. Cal. Aug. 3, 2020) (quoting *Poturich v. Allstate Ins. Co.*, No. EDCV 15-0081-GW, 2015 U.S. Dist. LEXIS 187149, at \*2 (C.D. Cal. Aug. 11, 2015)); *see also Schoonmaker v. City of Eureka*, No. 17-cv-06748-VC, 2018 U.S. Dist. LEXIS 192603, at \*2 (N.D. Cal. Nov. 7, 2018) (finding non-party's failure to timely file objections to a Rule 45 subpoena *duces tecum* as the basis to grant plaintiff's motion to compel production of responsive documents).  As a result, Twitter waived all grounds for objection.  Even if the objections had been timely served (but they were not), each of Twitter's arguments is invalid for the reasons explained below.



**ECKERT**

ATTORNEYS AT LAW

Twitter, Inc.
August 19, 2020
Page 2

KA did not request production of the materials more than 100 miles from Twitter's "residence" in San Francisco.  On its face, the subpoena specifies a local place of production:

> ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
>
> **See Exhibit A**
>
> Place: Jan Brown & Associates
> 701 Battery Street, 3rd Floor
> San Francisco, CA 94111
>
> Date and Time:
>
> 08/01/2020 11:19 am

*See* Subpoena, attached hereto as **Exhibit 2**.  Twitter's objection on this basis is misplaced.  Please produce the documents at the specified location, or my office will be glad to assist Twitter with an FTP upload link or FedEx account number.

Twitter has objected to providing "records which it does not retain in a producible format."  To be clear, Kappa Alpha is simply asking Twitter to disclose the identity of the person or persons who registered this "Fraternity Backward Coalition" site at https://twitter.com/FraternityBack1. Surely, Twitter maintains the name, mailing address, telephone number, email address and/or IP address for the accountholder in a "producible format" (*e.g.*, a print out, electronic copy or a screen shot).

Twitter has asserted First Amendment concerns with "unmasking" an anonymous speaker.  Specifically, Twitter cited to two California Court of Appeals decisions that establish two requirements that must be satisfied before a Twitter may be compelled to provide the identifying information of the FraternityBack1 user: (1) an attempt to notify the anonymous user of subpoena; and (2) KA must establish a prima facie showing of trademark infringement. *Glassdoor, Inc. v. Superior Court*, 9 Ca. App. 5th 623, 634 (Cal. Dist. Ct. App. 2017); *Krinsky v. Doe 6*, 72 Cal. Rptr. 3d 231, 244-45 (Cal. Dist. Ct. App. 2008).  Further, Twitter objected on the basis that KA must demonstrate a compelling need for the anonymous speaker's identity.

At the outset, the California Court of Appeals decisions relied on by Twitter are not controlling over subpoenas *duces tecum* issued pursuant to Fed. R. Civ. P. 45.  Even if they were controlling, KA has satisfied the two requirements, as well as demonstrated the compelling need for the anonymous speaker's identity.  First, KA established the notification requirement instituted in *Krinsky* and *Glassdoor* because notification by KA is not necessary when Twitter provided notification to the anonymous Twitter user. *See Krinsky*, 72 Cal. Rptr. 3d at 244 (finding that plaintiff's reasonable attempts to notify the anonymous defendant is satisfied "when [the subpoenaed non-party] themselves notify the defendant that disclosure of his or her identity is sought"); *Glassdoor*, 9 Cal. App. 5th at 634 (emphasis added) ("First, *if* the defendant has not



**ECKERT**

ATTORNEYS AT LAW

Twitter, Inc.
August 19, 2020
Page 3

received notice of the attempt to lift the shield of anonymity, the plaintiff must make reasonable efforts to provide such notice."). Second, in granting KA leave to issue the subpoena, the U.S. District Court for the Western District of Virginia determined that KA made a *prima facie* case of trademark infringement. *See* Motion and Memorandum in Support attached hereto as **Exhibit 3** and the June 24, 2020 Order attached hereto as **Exhibit 4**. Third, KA was required to demonstrate a compelling need for identifying information of the FraternityBack1 account user in its Motion for Leave to Issue Third Party Subpoena, which the District Court granted. *See id.*

Even under the applicable standard that would govern a federal court's review of the First Amendment concerns with unmasking an anonymous speaker, Twitter's objections would be overruled. *See Highfields Capital Mgmt. L.P. v. Does*, 385 F. Supp. 2d 969 (N.D. Cal. Jan 18, 2005); *Music Group Macao Commer. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979 (N.D. Cal. Mar. 2, 2015); *Smythe v. Does*, No. 15-mc-80292-LB, 2016 U.S. Dist. LEXIS 1348 (N.D. Cal. Jan 5, 2016). KA has established a real evidentiary basis for its trademark infringement claim against "John Doe" by providing documentation in its Complaint of FraternityBack1's use of KA's trademark and the US PTO documentation establishing KA's mark. Further, KA demonstrated (successfully) in its Motion to issue this subpoena to the U.S. District Court for the Western District of Virginia that disclosure of FraternityBack1's account information will cause relatively little harm to the account holder and such disclosure is necessary to protect KA's trademark against infringement. For all of these reasons, Twitter's objection based on First Amendment concerns is invalid.

KA is not seeking the content of any user communications protected by the federal Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.* ("SCA"). Moreover, the SCA does not prohibit releasing the identifying information KA requests in its subpoena. *See Sines v. Kesler*, No. 18-mc-80080-JC, 2018 U.S. Dist. LEXIS 132054, at *32 (N.D. Cal Aug. 6, 2018) ("Nothing in the SCA prohibits [the social-networking service] from disclosing Doe's account information to Plaintiffs . . . ."). As a result, Twitter's objection in reliance on the SCA is without merit.

In closing, KA seeks to resolve this nonparty discovery dispute amicably, and without resorting to costly and time-consuming motions practice. Please reply by August 27, 2020 with Twitter's confirmation that it will be producing responsive documents, to the extent they exist, to KA pursuant to the narrowed scope of the subpoena. I am available to discuss (or meet and confer, as the case may be) at your convenience. My telephone number is (804) 788-7744. Thank you.

Sincerely,


Matthew B. Kirsner

Attachments

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| MATTHEW B. KIRSNER, ESQ.<br>ECKERT SEAMANS CHERIN & MELLOTT, LLC<br>919 E. MAIN STREET  STE 1300 RICHMOND, VA 23219<br><br>TELEPHONE NO · (804) 788-7765 | FAX NO. | E-MAIL ADDRESS *(Optional)*: cmurphey@eckertseamans.com<br>ATTORNEY FOR *(Name)*: | |

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| STREET ADDRESS | | |
| MAILING ADDRESS | | |
| CITY AND ZIP CODE , VA | | |
| BRANCH NAME: WESTERN | Hearing Date: 8/1/2020    Room:<br>Hearing Time: 11:19 AM    Dept: | |
| PLAINTIFF· KAPPA ALPHA ORDER | CASE NUMBER: | |
| DEFENDANT: DOES 1-10 | **6:20-CV-00038-EKD** | |
| **PROOF OF SERVICE** | Ref. No. or File No: | |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION
I SERVED COPIES OF THE FOLLOWING DOCUMENTS:

**COVER LETTER; SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; ORDER**

PARTY SERVED: **TWITTER, INC.**

PERSON SERVED: **DAISY M. - AUTHORIZED TO ACCEPT - CT CORPORATION SYSTEM - AGENT FOR SERVICE**

DATE & TIME OF DELIVERY: **7/2/2020**
**10:52 AM**

ADDRESS, CITY, AND STATE: **818 W 7th St Ste 930**
**Los Angeles, CA 900173476**

PHYSICAL DESCRIPTION: **Age: 26 - 30    Weight: 161-180    Hair: BLACK**
**Sex: Female    Height: 5'7 - 6'0    Race: HISPANIC**

MANNER OF SERVICE:
**Personal Service - By personally delivering copies.**

Fee for Service: $ 125.00
   Registration No.: 2012208220
   County:  LOS ANGELES
   JPL PROCESS SERVICE, LLC
   14482 BEACH BLVD. STE S
   WESTMINSTER, CA 92683
   (866) 754-0520

I declare under penalty of perjury under the laws of the
The State of California that the foregoing information
contained in the return of service and statement of
service fees is true and correct and that this declaration
was executed on  July 02, 2020.

Signature: _____
                              ERIC WILKINS

**PROOF OF SERVICE**

Order# 154579/General

**EXHIBIT 1**



# ECKERT

**ATTORNEYS AT LAW**

Eckert Seamans Cherin & Mellott, LLC
919 East Main Street, Suite 1300
Richmond, VA 23219

TEL    804 788 7740
FAX    804 698 2950
www.eckertseamans.com

Matthew B. Kirsner
804.788.7744 Direct
mkirsner@eckertseamans.com

July 1, 2020

## VIA HAND DELIVERY AND FASCIMILE

Twitter, Inc.
c/o Legal Policy
1355 Market Street
Suite 900
San Francisco, CA 94103

RE:    **Subpoena to Twitter, Inc. for the Production of Documents**
       *Kappa Alpha Order v. Does 1 – 10*
       *Civil Action No. 6:20-cv-00038-EKD*

Dear Sir/Madam:

On behalf of Kappa Alpha Order, please find enclosed a Subpoena issued to Twitter, Inc. to Produce Documents, Information, or Objects ("Subpoena") regarding the above-referenced matter currently pending in the United States District Court for the Western District of Virginia.

We are forwarding the Subpoena to a process server to be served on Twitter, Inc.'s registered agent. A copy of the Subpoena is also being sent via facsimile to Twitter, c/o Trust & Safety. Please contact me at (804) 788-7744 or mkirsner@eckertseamans.com should you have any questions.

Sincerely

Matthew B. Kirsner

Enclosures

**EXHIBIT 2**

AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

Western District of Virginia ☐▼

| | | |
|---|---|---|
| Kappa Alpha Order | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 6:20-cv-00038-EKD |
| Does 1 - 10 | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Twitter, Inc.
       c/o CT Corporation System,
       818 West Seventh Street, Suite 930, Los Angeles, CA 90017
       *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

       See Exhibit A

| Place: Jan Brown & Associates 701 Battery Street, 3rd Floor San Francisco, CA 94111 | Date and Time: 08/01/2020 11:19 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/01/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Kappa Alpha Order
_____ , who issues or requests this subpoena, are:
Matthew B. Kirsner, Esq.; 919 East Main St., Suite 1300, Richmond, VA 23219; mkirsner@eckertseamans.com;
(804) 788-7744

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:20-cv-00038-EKD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                  .

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                  ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $                for travel and $                for services, for a total of $       0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

1.    All information and documents concerning the identity of the subscribers registered to the following name "FraternityBack1" located at https://twitter.com/FraternityBack1 including, but not limited to, the following:

    a.   All information and documents identifying the subscribers' legal name or names;

    b.   All information and documents identifying the subscribers' telephone number or numbers;

    c.   All information and documents identifying the subscribers' current and permanent address or addresses;

    d.   All information and documents identifying the subscribers' e-mail address or addresses;

    e.   All information and documents identifying the subscribers' account or login name or names;

    f.   All information and documents that identify the subscribers' IP Address or IP Addresses;

    g.   All locational information and documents relating to the subscribers' use of the FraternityBack1 Twitter account; and

    h.   All payment information and documents relating to the subscribers' use of the FraternityBack1 Twitter account.

CLERKS OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
6/24/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| KAPPA ALPHA ORDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:20-cv-00038 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| DOES 1-10, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**ORDER**

In accordance with Rule 26(d)(1), Plaintiff Kappa Alpha Order moves for leave to serve Rule 45 subpoenas before holding a Rule 26(f) conference.  (Dkt. No. 4.)  Upon consideration of the complaint with exhibits, the motion and supporting memorandum, and for good cause shown, the court hereby GRANTS the motion and ORDERS as follows:

1.     Plaintiff may immediately serve Rule 45 subpoenas on social media providers, including Twitter, as well as Doe Defendant Internet Service Providers ("ISPs"), limited to information sufficient to identify each Defendant, including names, current (and permanent) addresses, telephone numbers, IP addresses and/or email addresses;

2.     Any information disclosed to Plaintiff in response to these Rule 45 subpoenas may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint;

3.     Plaintiff shall serve a copy of this Order along with any subpoena issued pursuant to this Order;

4.      If, and when, any social media provider or Internet Service Provider is served with a subpoena pursuant to this Order, it must give written notice, which may be by e-mail, to the Defendant, whose name and address is being sought, within five business days;

5.      If any entity subpoenaed pursuant to this Order or any Defendant wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which may not be less than 30 days from the date of service;

6.      The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

7.      Plaintiff must file a status report with the court on or before August 26, 2020, stating its progress as to the discovery allowed by this Order, including the expected completion date of that discovery.

The clerk is directed to send a copy of this Order to Plaintiff's counsel.

Entered: June 24, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| KAPPA ALPHA ORDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 6:20-cv-00038-NKM |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO ISSUE THIRD-PARTY SUBPOENAS
## PRIOR TO A RULE 26(f) CONFERENCE

In accordance with Fed. R. Civ. P. 26(f), and pursuant to the arguments set forth in the attached Memorandum of Law in Support, Plaintiff Kappa Alpha Order ("KA") respectfully moves for entry of an Order granting KA leave to serve third party subpoenas prior to a Rule 26(f) conference. Specifically, Plaintiff seeks to issue subpoenas pursuant to Fed. R. of Civ. P. 45 to obtain information sufficient to identify each Doe Defendant, including names, current (and permanent) addresses, telephone numbers, IP addresses and/or email addresses.

A Proposed Order is attached as Exhibit A for the Court's convenience.

**EXHIBIT 3**

**KAPPA ALPHA ORDER**


By: __/s/ Matthew B. Kirsner_____
Matthew B. Kirsner, VSB #41615
Cody T. Murphey, VSB #89437
ECKERT SEAMANS CHERIN & MELLOTT, LLC
919 East Main Street
Suite 1300
Richmond, VA 23218-1122
Telephone: 804-788-7740
Fax: 804-698-2950
Email: mkirsner@eckertseamans.com

Richard Peirce
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place, 22nd Floor
50 South 16th Street
Philadelphia, PA 19102
Telephone: 215-851-8398
Fax: 215-851-8383
Email: rpeirce@eckertseamans.com

Attorneys for Kappa Alpha Order

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of June, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ Matthew B. Kirsner
Matthew B. Kirsner

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| KAPPA ALPHA ORDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 6:20-cv-00038-NKM |
| | ) | |
| DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO ISSUE THIRD PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Kappa Alpha Order ("KA") hereby respectfully submits this Memorandum in Support of its Motion for Leave to Issue Third Party Subpoenas Prior to the Rule 26(f) Conference.

## I. INTRODUCTION

Plaintiff is a national social fraternity, and the owner of numerous federal trademark registrations (collectively, the "KA Marks"). The letters "KA" are synonymous with "Kappa Alpha" and "Kappa Alpha Order." Individuals may only use and distribute materials containing the KA Mark with KA's permission.

Doe Defendants, without the knowledge or authorization of Plaintiff, created and maintain a Twitter social media page available at https://twitter.com/FraternityBack1 ("FraternityBack1") and depicted below.

1

  


**Fraternity Backward Coalition**
@FraternityBack1

We are in no way, shape, or form associated with the Fraternity Forward Coalition....obviously.

Lexington, VA  Joined May 2020

**170** Following   **24** Followers

| Tweets | Tweets & replies | Media | Likes |

As the above demonstrates, a member of the public visiting the FraternityBack1 Twitter page will see the "KA" at the top of the feed and might believe that KA has authorized, is affiliated with or supports the mission of the so-called Fraternity Backward Coalition, when the opposite is true. The Fraternity Backward Coalition is modeled after, but espouses opinions contrary to, a Twitter page operated by another group, the Fraternity Forward Coalition. *See* Fraternity Forward Coalition, *available at* https://twitter.com/FraternityForw2 (last visited June 10, 2020).

The Fraternity Forward Coalition is "a national coalition of men's college fraternal organizations which promotes the shared positive values of Greek life, encourages safe and healthy behaviors among its undergraduate members and advocates aggressively and passionately for student and fraternal organization rights." *See* Fraternity Forward Coalition, *available at* https://fraternityforward.org/ (last visited June 10, 2020). In particular, the Fraternity Forward Coalition seeks to improve ties between campus fraternities, encourage health and safety among its members, and strengthen relationships with campus communities. KA is a charter member of

2

the Fraternity Forward Coalition. See Fraternity Forward Coalition Launches, *available at* https://fraternityforward.org/materials-and-news (last visited June 10, 2020).

In contrast, the Fraternity Backward Coalition fosters hostility between Greek letter organizations, scoffs at the health and safety of fraternities, and seeks to separate fraternities from their host campuses. *See* https://twitter.com/FraternityBack1/status/1263102872935436288 (last visited on June 10, 2020).

On or about May 19, 2020, Plaintiff discovered the FraternityBack1 Twitter feed, along with the unauthorized use of the KA Marks. On May 20, 2020, Plaintiff contacted Twitter to request the removal of the KA Marks from the FraternityBack1 page. On May 27, 2020, Twitter refused to remove the KA marks from the FraternityBack1 page.

Plaintiff seeks leave of Court to issue Rule 45 subpoenas to social media providers such as Twitter, as well as Defendants' Internet Service Providers ("ISPs"). These subpoenas will demand information sufficient to identify each Doe Defendant, including names, current (and permanent) addresses, telephone numbers, IP addresses and/or email addresses. Without this information, Plaintiff cannot serve the Defendants nor pursue its claims, and will cause irreparable harm, for which there is no adequate remedy at law.

## II.    ARGUMENT

Rule 26(d) of the Federal Rules of Civil Procedure provides that a party may not seek discovery from any source before the party has conferred as required by Rule 26(f), unless such discovery is authorized by a court order. Fed. R. Civ. Proc. 26(d)(1). "A district court has 'wide latitude in controlling discover and . . . its rulings will not be overturned absent a showing of clear abuse of discretion.'" *Cell Film Holdings, LLC v. Does*, No. 3:16-cv-749, 2016 U.S. Dist. LEXIS 180445, at *13 (E.D. Va. Dec. 29, 2016) (quoting *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003)).

3

In Virginia, courts have applied a "good cause" standard in evaluating motions for expedited discovery in the context of intellectual property infringement cases. *See Hard Drive Prods., Inc. v. Does 1-30*, No. 2:11-cv-345, 2011 U.S. Dist. LEXIS 73159, at *3-4 (E.D. Va. July 1, 2011) (granting motion for leave to take discovery before a Rule 26(f) conference after finding plaintiff made showing of irreparable harm and need to proceed ex parte, when plaintiff could not determine unknown defendants' identities except through third-party subpoenas to defendants' ISPs); *see also Atkisson v. Holder*, 113 F. Supp. 3d 156 (D.D.C. July 3, 2015) (finding that the good cause is appropriate when evaluating a plaintiff's motion to issue subpoenas prior to a Rule 26(f) conference to obtain the identities of the defendants). Good cause exists to issue a Rule 45 subpoena for purposes of discovering the identities of Doe Defendants, prior to a Rule 26(f) conference, where: (1) plaintiff makes a *prima facie* case for infringement; (2) plaintiff seeks limited and specific discovery; (3) no alternative means exist to obtain Defendants' true identities; (4) the information is needed to advance the asserted claims; and (5) defendants have a minimal expectation of privacy. *See Sony BMG Music Entm't v. Doe*, No. 5:08-CV-109-H, 2008 U.S. Dist. LEXIS 106088, at *22 (E.D.N.C. Oct. 8, 2008) (citing *Sony Music Entm't v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)) (applying the five-factor test to determine that subpoenas requesting Doe defendant's identity should be enforced); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 U.S. Dist. LEXIS 100564, at *22–23 (E.D.N.C. Sept. 26, 2008) (finding that enforcement of a third-party subpoena seeking identifying information of a Doe defendant was proper where the plaintiff satisfied each of the five factors).

4

### a. Good Cause Exists to Grant the Plaintiff's Motion.

#### 1. Plaintiff Makes a *Prima Facie* Case for Trademark Infringement.

To prevail on claims of trademark infringement and unfair competition, a plaintiff "must prove (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred 'in commerce'; (4) that the defendant used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers." *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001) (quoting 15 U.S.C. §§ 114, 1125(a)) (holding that the plaintiff established a claim for trademark infringement and unfair competition by satisfying the five elements).

Plaintiff's Complaint filed herein establishes a *prima facie* case for trademark infringement and unfair competition. Plaintiff possess a valid and protectable trademark that is registered with the United States Patent and Trademark Office. *See* Compl. ¶¶ 10-14; Exhibits 1–3. Moreover, Plaintiff established the remaining elements of trademark infringement and unfair competition by pleading that Defendant Does, by intentionally publishing Plaintiff's mark without its permission on the FraternityBack1 Twitter page, used the mark in commerce and in a manner likely to confuse consumers. Compl. ¶¶ 15–37. Therefore, Plaintiff has established a *prima facie* case of trademark infringement.

#### 2. Plaintiff Seeks Limited and Specific Discovery.

Plaintiff seeks to discover from social media providers such as Twitter, as well as Defendants' ISPs, information sufficient to identify each Doe Defendant, including names, current (and permanent) addresses, telephone numbers, IP addresses and/or email addresses. This specific information in possession of Twitter and Doe Defendants' ISPs will enable Plaintiff to serve

process on the Doe Defendants in their own names. Because the information sought in the subpoena is limited and specific, Plaintiff has satisfied the second good cause factor. *Malibu Media, LLC v. Doe*, No. WDQ-14-0252, 2014 U.S. Dist. LEXIS 85920, at \*4 (D. Md. June 23, 2014) (denying Doe defendant's motion to quash the subpoena issued to defendant's ISP seeking the identity of Doe defendant because "[t]he identity of the Defendant cannot be obtained from a more convenient source [and] [b]ecause the subpoena is tailored to a particular purpose, and the information it seeks is relevant to Malibu Media's copyright infringement claim.").

### 3. No Alternative Means Exist to Obtain Defendants' True Identities.

Other than receiving the information from social media providers such as Twitter and Defendants' ISPs via subpoena, there is no way to obtain Defendants' true identities. Twitter's policies do not require a user to publicize his or her true identity. *See Privacy Policy*, Twitter https://twitter.com/en/privacy#:~:text=Twitter%20Privacy%20Policy&text=Twitter%20is%20pu blic%20and%20Tweets,not%20to%20use%20your%20name (last visited June 10, 2020). Taking advantage of this anonymity, Defendant Does intentionally infringed upon Plaintiff's property right in its trademark. Without obtaining the identities of the Doe Defendants from Twitter, Plaintiff has no alternative means to identify the Defendants. *See Butera & Andrews v. IBM Corp.*, 456 F. Supp. 2d 104, 114 (D.D.C. 2006) ("Plaintiffs lacking necessary information about unidentified defendants must seek such information through third-party subpoenas or other third-party discovery, rather than by naming the organizations who possess the desired documents as defendants themselves in an apparent attempt to compel disclosure."). Therefore, Plaintiff satisfied the third element because it has no alternative means to identify the Defendant Does.

#### 4. **Discovery is Needed to Advance the Asserted Claims.**

Without learning the Defendants' true identities, Plaintiff cannot serve the Defendants with process and proceed with this case. *See Arista Records LLC v. Doe*, 246 F.R.D. 28, 28–29 (D.D.C. Oct. 11, 2007) (The Court granted the plaintiff's motion to issue a subpoena prior to a Rule 26(f) conference because it was "clear to the Court that Defendants must be identified before this suit can progress further."). In order for Plaintiff to protect its intellectual property rights from infringement, the identities of the individuals in control of the FraternityBack1 Twitter account must be discovered. *See Hard Drive Prods., Inc.*, 2011 U.S. Dist. LEXIS 73159, at *3–4 (granting motion to issue subpoena to Doe Defendants' ISPs to seek information "sufficient to identify each Defendant, including name, current (and permanent) address, telephone number, email address, and Media Access Control address"). As a result, Plaintiff has satisfied the fourth element of issuing a subpoena prior to a Rule 26(f) conference.

#### 5. **Plaintiff's Interest in Confirming Defendants' Real Identities Outweighs Defendants' Interests in Remaining Anonymous in Order to Continue Their Trademark Infringement.**

Plaintiff has a strong, legitimate interest in protecting its trademarks. In order to protect its rights, Plaintiff must first learn the true identities of the Defendants. Defendants created the Twitter username FraternityBack1, without publicizing their true identities. Because the true identities of the Defendants are masked behind the anonymous username, FraternityBack1, Plaintiff cannot move forward with the case and adequately protect its property rights. Moreover, the First Amendment rights of the Doe Defendants do not overshadow, or preempt, Plaintiff's intellectual property rights. *See Arista Records LLC v. Doe*, 551 F. Supp. 2d 1, 8–9 (D.D.C. Apr. 28, 2008) ("Not surprisingly, courts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of

7

copyrights.") (citations omitted).   Therefore, Plaintiff's interest in obtaining Defendant Does'

identities outweighs their interest in remaining anonymous, thus satisfying the fifth element.

## III.   CONCLUSION

In light of the foregoing, Kappa Alpha Order respectfully requests that this Court issue an

Order granting Plaintiff's Motion for Leave to Issue Third-Party Subpoenas Prior to Rule 26(f)

Conference.

**KAPPA ALPHA ORDER**

By: ___/s/ Matthew B. Kirsner_____
Matthew B. Kirsner, VSB #41615
Cody T. Murphey, VSB #89437
ECKERT SEAMANS CHERIN & MELLOTT,
LLC
919 East Main Street
Suite 1300
Richmond, VA 23218-1122
Telephone:  804-788-7740
Fax:  804-698-2950
Email:  mkirsner@eckertseamans.com

Richard Peirce
ECKERT SEAMANS CHERIN & MELLOTT,
LLC
Two Liberty Place, 22nd Floor
50 South 16th Street
Philadelphia, PA 19102
Telephone:  215-851-8398
Fax: 215-851-8383
Email:  rpeirce@eckertseamans.com

Attorneys for Kappa Alpha Order

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of June, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ Matthew B. Kirsner

Matthew B. Kirsner

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/24/2020

JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
DEPUTY CLERK

KAPPA ALPHA ORDER,        )
                          )
          Plaintiff,      )
                          )          Civil Action No. 6:20-cv-00038
v.                        )
                          )          By: Elizabeth K. Dillon
DOES 1-10,                )               United States District Judge
                          )
          Defendants.     )

**ORDER**

In accordance with Rule 26(d)(1), Plaintiff Kappa Alpha Order moves for leave to serve

Rule 45 subpoenas before holding a Rule 26(f) conference. (Dkt. No. 4.) Upon consideration of

the complaint with exhibits, the motion and supporting memorandum, and for good cause shown,

the court hereby GRANTS the motion and ORDERS as follows:

    1.    Plaintiff may immediately serve Rule 45 subpoenas on social media providers,

including Twitter, as well as Doe Defendant Internet Service Providers ("ISPs"), limited to

information sufficient to identify each Defendant, including names, current (and permanent)

addresses, telephone numbers, IP addresses and/or email addresses;

    2.    Any information disclosed to Plaintiff in response to these Rule 45 subpoenas

may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in

its Complaint;

    3.    Plaintiff shall serve a copy of this Order along with any subpoena issued pursuant

to this Order;

**EXHIBIT 4**

4.     If, and when, any social media provider or Internet Service Provider is served with a subpoena pursuant to this Order, it must give written notice, which may be by e-mail, to the Defendant, whose name and address is being sought, within five business days;

5.     If any entity subpoenaed pursuant to this Order or any Defendant wishes to move to quash the subpoena, it must do so before the return date of the subpoena, which may not be less than 30 days from the date of service;

6.     The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

7.     Plaintiff must file a status report with the court on or before August 26, 2020, stating its progress as to the discovery allowed by this Order, including the expected completion date of that discovery.

The clerk is directed to send a copy of this Order to Plaintiff's counsel.

Entered: June 24, 2020.


/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge