1

2

3

4

5                         UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8    KAPPA ALPHA ORDER,                      Case No.  20-mc-80187-DMR

9              Plaintiff,

10         v.                                **ORDER ON MOTION FOR JUDICIAL
                                              DETERMINATION REGARDING
11   DOES 1-10, et al.,                       APPLICABILITY OF FIRST
                                              AMENDMENT PROTECTIONS**
12             Defendants.
                                              Re: Dkt. No. 3

13         Petitioner Kappa Alpha Order ("KA") filed this miscellaneous action on October 22, 2020.

14   KA is the plaintiff in an ongoing lawsuit in the United States District Court for the Western District

15   of Virginia. [Docket No. 1, Declaration of Matthew B. Kirsner ("Kirsner Decl.") ¶ 2.]  The lawsuit

16   alleges that anonymous users of a Twitter account infringed KA's trademark and violated the

17   Lanham Act, 15 U.S.C. § 1125(a).  Kirsner Decl., Attachment 1.  As part of that action, KA filed a

18   motion for leave to issue third-party subpoenas prior to a Rule 26(f) conference.  *Id.* ¶ 3.

19   Specifically, it sought to issue a subpoena to Twitter in order to identify the Doe defendants.  *Id.*,

     Attachment 2.  The presiding judge granted the motion and on July 2, 2020, KA served a subpoena

20   on Twitter.  *Id.* ¶¶ 5-6; *id.*, Attachments 4, 5.  On July 27, 2020, Twitter objected to the subpoena

21   on the grounds that KA "provided no documentation demonstrating that the Court considered and

22   imposed the First Amendment safeguards required before a litigant may be permitted to unmask the

23   identity of an anonymous speaker," among other objections.  *Id.*, Attachment 6.  KA informed

24   Twitter that its objections were untimely and therefore waived.[1]  *Id.*, Attachment 7.  However, to

25   resolve Twitter's concerns, KA agreed to bring the current motion seeking a judicial determination

26

27   _____

28   [1] The subpoena had a compliance date of August 1, 2020.  Pursuant to Fed. R. Civ. P. 45(d)(2)(B), objections must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Thus, Twitter's objections were due on July 16, 2020.

United States District Court
Northern District of California

of whether its subpoena seeks information that is protected by the First Amendment. *Id.* ¶ 10. This motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion is denied for lack of jurisdiction.

In its motion, KA seeks "an Order finding that KA has satisfied the First Amendment requirements for identifying an anonymous Twitter account holder . . . ." [Docket No. 3 ("Mot.").] KA cites Federal Rule of Civil Procedure 45(d)(3) as this court's authority to render an opinion on this matter. *Id.* at 1. However, that Rule addresses the court's authority to quash or modify a subpoena upon motion by the individual or entity seeking to prevent the discovery. Twitter has not moved for such relief. Further, KA and Twitter's submissions do not suggest that Twitter has refused to comply with the subpoena or that KA is now attempting to enforce it. Instead, KA's motion essentially seeks a determination of whether Twitter *would* have grounds to quash the subpoena if, theoretically, it refused to comply with it and if, theoretically, waiver of objections were not an issue.

Federal courts only have the constitutional authority to decide "live cases and controversies." *Kittel v. Thomas*, 620 F.3d 949, 951 (9th Cir. 2010) (citing *Flast v. Cohen*, 392 U.S. 83, 92 (1968)); *see also Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403, 407 (1972) ("It is well settled that federal courts may act only in the context of a justiciable case or controversy." (alteration and quotation omitted)); U.S. Const., Art. III, § 2. The case-and-controversy requirement "confine[s] the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Massachusetts v. E.P.A.*, 549 U.S. 497, 516 (2007). The controversy must be "definite and concrete" and "admit[] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Hillblom v. United States*, 896 F.2d 426, 430 (9th Cir. 1990) (quoting *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 240-41 (1937)). Accordingly, the court does not have jurisdiction to issue an advisory opinion about whether KA's subpoena complies with First Amendment limitations.[2] *See United States v. Kaczynski*, 551 F.3d 1120, 1124 (9th Cir. 2009) ("The Constitution empowers federal courts to hear actual cases and not render

---

[2] The non-justiciable nature of this motion is elucidated by considering the potential outcomes of a ruling. If the court decided that KA's subpoena seeks information protected by the First Amendment, KA could presumably still argue that Twitter waived any First Amendment objection. Thus, the relief sought is not of a "conclusive character." *Hillblom*, 896 F.2d at 430.

United States District Court
Northern District of California

advisory opinions."); *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947) ("As is well known the federal courts established pursuant to Article III of the Constitution do not render advisory opinions.").

For these reasons, KA's motion for determination on the applicability of First Amendment protections is denied.  This matter is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: December 22, 2020



_____
Donna M. Ryu
United States Magistrate Judge

3